**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
04/24/2008
CT Log Number 513353059



**TO:** Christine Gillen
The Prudential Insurance Company of America
Legal Department, 751 Broad St, 4th Floor
Newark, NJ 07102

**RE:** **Process Served in Tennessee**

**FOR:** The Prudential Insurance Company of America (Domestic State: NJ)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Ruthie Irene Terry, Ptlf. vs. The Prudential Insurance Company of America, Dft. |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Service Information, Complaint, Interrogatories, Request for Production, Exhibits |
| **COURT/AGENCY:** | Scott County Chancery Court, TN<br>Case # 9823 |
| **NATURE OF ACTION:** | Insurance Litigation - Policy benefits claimed for long term disability |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Knoxville, TN |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 04/24/2008 postmarked on 04/22/2008 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service of the summons, exclusive of the date of service-answer complaint // Within 45 days-interrogatories, production |
| **ATTORNEY(S) / SENDER(S):** | David H. Dunaway<br>David H. Dunaway & Associates<br>100 S. Fifth Street<br>LaFollette, TN 37766<br>423-562-7085 |
| **REMARKS:** | Process served/received by the Insurance Commissioner on 04/17/2008, and mailed to CT Corporation System on 04/24/2008. |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 791052463842<br>Email Notification, Legal Process Unit legal.process.unit@prudential.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>800 S. Gay Street<br>Suite 0221<br>Knoxville, TN 37929-9710 |
| **TELEPHONE:** | 865-342-3522 |



Page 1 of 1 / EF

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



April 21, 2008

Prudential Insurance Co. Of America
800 S. Gay Street, Ste 2021, % C T Corp.
Knoxville, TN  37929-9710
NAIC # 68241

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
7007 2680 0001 2097 7318
Cashier # 2703

Re: Ruthie Irene Terry   V.   Prudential Insurance Co. Of America

   Docket # 9823

To Whom It May Concern:

We are enclosing herewith a document that has been served on this department on your behalf in connection with the above-styled matter.

I hereby make oath that the attached Disability Complaint was served on me on April 17, 2008 by Ruthie Irene Terry pursuant to Tenn. Code Ann. § 56-2-504 or § 56-2-506. A copy of this document is being sent to the Chancery Court of  Scott County, TN.

Brenda C. Meade
Designated Agent
Service of Process

Enclosures

cc: Chancery Court Clerk
    Scott County
    P O Box 195
    Huntsville, Tn  37756

Service of Process 615.532.5260



ADA
FOR ASSISTANCE CALL
423-663-2588

# IN THE CHANCERY COURT FOR SCOTT COUNTY, TENNESSEE
## AT HUNTSVILLE

| | |
|---|---|
| RUTHIE IRENE TERRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION |
| | ) NO. 4823 |
| THE PRUDENTIAL INSURANCE COMPANY | ) |
| OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

You are hereby summoned and required to serve upon David H. Dunaway, whose address is P.O. Box 280, LaFollette, Tennessee 37766, a true copy of the defense to the complaint which is herewith served upon you, with thirty (30) days after service of this summons upon you, exclusive of the day of service. You will file the original pleading with the court. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

Issued this the _14th_ day of _April_ , 2008.

Witness, Jane Lloyd, Clerk & Master of said court, at office in Huntsville Tennessee.

_Jane A. Lloyd_
Clerk & Master

_____
Deputy Clerk

### NOTICE

TO THE DEFENDANT: **THE PRUDENTIAL INSURANCE COMPANY OF AMERICA**

Tennessee law provides a four thousand dollar ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution of garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these items include the necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. TCA § 26-2-114.

## SERVICE INFORMATION

To the process server: Defendant, **THE PRUDENTIAL INSURANCE COMPANY OF AMERICA**, may be served through the Commissioner of Commerce and Insurance for the State of Tennessee, Nashville, Tennessee.

### RETURNED

I received this summons on the _____ day of _____, 2008.

I hereby certify and return that on the _____ day of _____, 2008, I:

( )     served this summons and a complaint on Defendant, **THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,** in the following manner:_____

_____

( )     failed to serve this summons within 30 days after its issuance because:_____

_____

_____
Process Server

2

## IN THE CHANCERY COURT FOR SCOTT COUNTY, TENNESSEE
## AT HUNTSVILLE

RUTHIE IRENE TERRY,                          )
                                             )
      Plaintiff,            )
                                             )
v.                                           )    CIVIL ACTION
                                             )    NO. 9823
THE PRUDENTIAL INSURANCE COMPANY             )
OF AMERICA,                                  )
                                             )    Filed April 14 20 08
      Defendant.            )    at 9:30 A. M.
                                                 Jane A. Lloyd
                                                 Clerk & Master

## COMPLAINT

Comes the Plaintiff and would show unto the Court the following:

1. The Plaintiff is and at all times mentioned herein was a citizen and resident of Scott County, Tennessee.

2. The Defendant, The Prudential Insurance Company of America, at all times mentioned herein was a foreign insurance company with offices at P. O. Box 13480, Philadelphia, Pennsylvania 19176, but process should be served on the Defendant, The Prudential Insurance Company of America, through the Commissioner of Commerce and Insurance for the State of Tennessee, Nashville, Tennessee. At all times mentioned herein the Defendant, The Prudential Insurance Company of America, was believed to be the plan administrator of a long term disability benefit plan Number 522 issued to Armstrong World Industries, Inc., the Plaintiff's employer. A copy of the long term disability plan otherwise provided to the Plaintiff and issued August 2003 is attached hereto as "Exhibit A" and made a part of this Complaint by reference herein.

3. The Plaintiff, Ruthie Irene Terry, was previously employed as a worker for Hartco Flooring Company, a division of Armstrong World Industries, Inc. That on December 13, 2003,

the Plaintiff discovered that she was suffering from asthma and developed problems with her breathing which progressively worsened. Thereafter, the Plaintiff developed problems with her right knee, left hip, right foot, as well as additional problems to her back as a result of having engaged in constant standing on her feet and repetitive lifting of pieces of wood flooring as well as pallets. The Plaintiff was required to work in extremely cold conditions in the winter and extremely hot conditions in the summer. Her work activities required her to engage in continuous bending and stooping, during which time she also developed significant disabling conditions. She has suffered and continues to suffer from chronic low back pain, fibromyalgia, a chronic right rotator cuff tear, asthma, hypertensive, and Type Two diabetes, as well as chronic obstructive pulmonary disease. The Plaintiff eventually left her work environment and last worked for Hartco Flooring Company on or about June of 2003. The Plaintiff's residual problems have prevented her from returning to any gainful employment.

4.     That the Plaintiff, Ruthie Irene Terry, became eligible for long term disability benefits and received long term disability benefits for a period of time until January 3, 2006. Thereafter, the Plaintiff's disability benefits were discontinued. At all times material to this Complaint, the Plaintiff's contract for hire and/or contract to receive long term disability benefits had been made with her employer in Scott County, Tennessee, and benefits were paid to her in Scott County, Tennessee.

5.     That on or about December 28, 2005, the Defendant, The Prudential Insurance Company of America, through its agents, servants, and employees, Prudential Financial, informed the Plaintiff that she was not entitled to receive long term disability benefits beyond January 3, 2006, and otherwise informed the Plaintiff that her disability benefits were being denied. Thereafter, the

2

Plaintiff's claim was re-reviewed by the Defendant, The Prudential Insurance Company of America, and additional time was extended to the Defendant for its review, but the Plaintiff never received a decision on her reconsideration until on or about March 25, 2008, after inquiry through her attorney, the Plaintiff was informed that on June 12, 2006, the Defendant, The Prudential Insurance Company of America, through its agents, servants, and employees, Prudential Financial, informed the Plaintiff that she was not eligible to receive any additional disability benefits. An additional administrative appeal was requested, but the Defendant refused to grant any additional administrative appeal to the Plaintiff and on or about March 25, 2008, informed the Plaintiff through her attorney that the Defendant, The Prudential Insurance Company of America, was otherwise upholding its decision to terminate the Plaintiff's claim for disability benefits. The Defendant also informed the Plaintiff that she had otherwise exhausted her administrative remedies and had a right to bring a civil suit under the Employee Retirement and Income Security Act (ERISA)

6. That the Defendant's failure and refusal to pay the Plaintiff long term disability benefits was otherwise arbitrary and capricious, and was also a breach of the Defendant's fiduciary duties to assist the Plaintiff in the perfection of her claim, including the securing of additional medical evidence, as well as providing the Plaintiff with vocational rehabilitation and assistance under the above-described policy.

7. That the Defendant has failed and refused to properly investigate the Plaintiff's claim, and as a result of the Defendant's failure to provide rehabilitative assistance to the Plaintiff, the Plaintiff is entitled to have the Defendant's denial of her benefits set aside.

8. That the Defendant's decision to deny the Plaintiff's benefits was erroneous, not otherwise supported by substantial medical evidence, was arbitrary and capricious, and was otherwise made

3

without adequate consideration of giving equal weight to the Plaintiff's treating and evaluating physicians, as well as the social security disability determination which was fully favorable on behalf of the Plaintiff, as opposed to the Defendant's limited paper medical review of the Plaintiff's claim.

9. That the Plaintiff has otherwise exhausted all of the remedies to which she was aware for obtaining disability under the above-described policy.

10. The Plaintiff would further show unto the Court that the Defendant's decision to deny the Plaintiff's long term disability was erroneous, not supported by substantial medical evidence, was arbitrary and capricious, and that the Defendant's employees who made a review of the Plaintiff's claim did not make an on-hands examination of the Plaintiff, and that the individuals employed by the Defendant were biased, and that the Defendant through its agents, servants, and employees, arbitrarily and capriciously denied the Plaintiff's claim. That the Defendant or in the exercise of reasonable care should have known that its failure to provide additional information, as well as vocational rehabilitative assistance to the Plaintiff was otherwise required, and the Defendant's actions have otherwise caused the Plaintiff to suffer financial difficulty and hardship, and the Defendant's failure and refusal to pay the Plaintiff long term disability benefits has resulted in economic damages to the Plaintiff. The Plaintiff would show unto the Court that the medical records of her attending physicians, along with a vocational assessment of the Plaintiff and the Plaintiff's entire Social Security Administration file will reveal that the Plaintiff is now a 57 year old individual who has been previously employed with jobs that required heavy exertion. That the Plaintiff has no transferrable work skills, and with the restrictions indicated by her attending physicians, there are no jobs which she can perform, and she is otherwise unable to perform the duties of any gainful occupation for which she would otherwise be fitted by training, education, or

4

experience given her medical restrictions.

11. The Plaintiff further contends that the Defendant violated 29 U.S.C. §1133(2) by failing to afford a full and fair review of the Plaintiff's medical evidence.

12. That as a result of the violation of the above-described statute and as a result of the breach of contract by the Defendant, the Plaintiff has suffered a loss of benefits and additional damages, including but not limited to pre-judgment interest, attorney fees, and the costs incidental to the prosecution of this cause of action.

WHEREFORE, the Plaintiff demands:

1. That proper process issue and be served upon the Defendant, requiring it to answer this Complaint within the time required by law, but not under oath, its oath being waived.

2. That this Court construe the rights and responsibilities of the parties based upon the administrative record in accordance with applicable law.

3. That the Plaintiff be awarded such damages to which the Plaintiff may be entitled under the law and evidence.

4. That the Plaintiff be awarded attorney fees and expenses incidental to the prosecution of this cause of action pursuant to 29 U.S.C. §1132(g) and that the Plaintiff be awarded such other general relief to which she may be entitled under the law and evidence.

5

RUTHIE IRENE TERRY

By: _David H. Dunaway_

DAVID H. DUNAWAY, BPR #000491
Attorney for Plaintiff
100 South Fifth Street
Post Office Box 280
LaFollette, TN 37766-0231
LaFollette: 423/562-7085
Knoxville: 865/524-3670

## COST BOND

   We acknowledge ourselves as surety for all costs, taxes and damages in this case in accordance with T.C.A. §20-12-120.

RUTHIE IRENE TERRY

_Ruthie Irene Terry_

Principal
575 Atomic Lane
Oneida, Tennessee 37841

_David H. Dunaway_
_his atty_

Surety
DAVID H. DUNAWAY
Attorney for Plaintiff
P.O. Box 280
LaFollette, TN 37766
(423) 562-7085

6

Filed _April 14_ 20 _08_
at_____ _9:30_ A. M.
Jane A. Lloyd
Clerk & Master

# Exhibit A

RUTHIE I TERRY
ONDINL



# ARMSTRONG BENEFITS

# CONNECTION

### Long Term Disability Plan
For Hourly Employees of Armstrong Flooring – Wood Products at Oneida

*Issued August 2003*

# Disclosure Notice

## FOR ARIZONA RESIDENTS

Notice: This certificate of insurance may not provide all benefits and protections provided by law in Arizona. Please read this certificate carefully.

## FOR VERMONT RESIDENTS

The coverage provided in this certificate is not subject to regulation by the State of Vermont.

## THIS NOTICE IS FOR TEXAS RESIDENTS ONLY

| IMPORTANT NOTICE | AVISO IMPORTANTE |
|---|---|
| To obtain information or make a complaint: | Para obtener información o para someter una queja: |
| You may contact the Texas Department of Insurance to obtain information on companies, coverages, rights or complaints at | Puede comunicarse con el Departamento de Seguros de Texas para obtener información acerca de compañías, coberturas, derechos o quejas al |

**1-800-252-3439**

**1-800-252-3439**

| | |
|---|---|
| You may write the Texas Department of Insurance | Puede escribir al Departamento de Seguros de Texas |

P.O. Box 149104
Austin, TX 78714-9104
FAX No. (512) 475-1771

P.O. Box 149104
Austin, TX 78714-9104
FAX No. (512) 475-1771

### PREMIUM OR CLAIM DISPUTES:

### DISPUTAS SOBRE PRIMAS O RECLAMOS:

Should you have a dispute concerning your premium or about a claim you should contact the PRUDENTIAL first. If the dispute is not resolved, you may contact the Texas Department of Insurance.

Si tiene una disputa concerniente a su prima o a un reclamo, debe comunicarse con LA PRUDENTIAL primero. Si no se resuelve la disputa, puede entonces comunicarse con el departamento (DST).

### ATTACH THIS NOTICE TO YOUR POLICY:

### UNA ESTE AVISO A SU POLIZA:

This notice is for information only and does not become a part or condition of the attached document.

Este aviso es sólo para propósito de información y no se convierte en parte o condición del documento adjunto.

83500
TXN 1001

(1-1)

# Benefit Highlights

## LONG TERM DISABILITY PLAN

This long term disability plan provides financial protection for you by paying a portion of your income while you have a long period of disability. The amount you receive is based on the amount you earned before your disability began. In some cases, you can receive disability payments even if you work while you are disabled. Benefits start after the elimination period.

| | |
|---|---|
| **Program Date:** | February 1, 2002 |
| **Contract Holder:** | ARMSTRONG WORLD INDUSTRIES, INC. |
| **Group Contract Number:** | LG-77239-PA |
| **Covered Classes:** | All Hourly Employees of Armstrong Flooring – Wood Products at Oneida. |
| **Minimum Hours Requirement:** | Employees must be working at least 30 hours per week. |
| **Employment Waiting Period:** | You may need to work for your Employer for a continuous period before you become eligible for the plan. The period must be agreed upon by your Employer and Prudential. |
| | Your Employer will let you know about this waiting period. |
| **Elimination Period:** | 180 days. |
| | **Benefits begin the day after the Elimination Period is completed.** |
| **Monthly Benefit:** | 60% of your monthly earnings, but not more than $3,000.00. |
| | Your benefit may be reduced by deductible sources of income and disability earnings. Some disabilities may not be covered or may be limited under this coverage. |

**Maximum Period of Benefits:**

| Your Age on Date Disability Begins | Your Maximum Benefit Duration |
|---|---|
| Under age 61 | To your normal retirement age*, but not less than 60 months |
| Age 61 | To your normal retirement age*, but not less than 48 months |
| Age 62 | To your normal retirement age*, but not less than 42 months |
| Age 63 | To your normal retirement age*, but not less than 36 months |
| Age 64 | To your normal retirement age*, but not less than 30 months |
| Age 65 | 24 months |

Case 3:08-cv-00200-TWP-HBG   Document 1-1   Filed 05/19/08   Page 15 of 38   PageID #: 17

| | |
|---|---|
| Age 66 | 21 months |
| Age 67 | 18 months |
| Age 68 | 15 months |
| Age 69 and over | 12 months |

**\*Your normal retirement age is your retirement age under the Social Security Act where retirement age depends on your year of birth.**

No contributions are required for your coverage while you are receiving payments under this plan.

**Cost of Coverage:** The long term disability plan is provided to you on a contributory basis. You will be informed of the amount of your contribution when you enroll.

**The above items are only highlights of your coverage. For a full description please read this entire Group Insurance Certificate.**

Case 3:08-cv-00200-TWP-HBG   Document 1-1   Filed 05/19/08   Page 16 of 38   PageID #: 18

# Table of Contents

BENEFIT HIGHLIGHTS - LONG TERM DISABILITY PLAN ..........................................................1

CERTIFICATE OF COVERAGE....................................................................................................4

GENERAL PROVISIONS ...............................................................................................................5

LONG TERM DISABILITY COVERAGE - GENERAL INFORMATION ..........................................9

LONG TERM DISABILITY COVERAGE - BENEFIT INFORMATION ..........................................10

LONG TERM DISABILITY - CLAIM INFORMATION ...................................................................21

LONG TERM DISABILITY - OTHER SERVICES ........................................................................24

LONG TERM DISABILITY - OTHER SERVICES ........................................................................25

GLOSSARY..................................................................................................................................26

SUMMARY PLAN DESCRIPTION ...............................................................................................30

Case 3:08-cv-00200-TWP-HBG   Document 1-1   Filed 05/19/08   Page 17 of 38   PageID #: 19

The Prudential Insurance Company of America

# Certificate of Coverage

The Prudential Insurance Company of America (referred to as Prudential) welcomes you to the plan.

This is your Certificate of Coverage as long as you are eligible for coverage and you meet the requirements for becoming insured. You will want to read this certificate and keep it in a safe place. Sign your name in the space below when you receive this certificate.

Prudential has written this certificate in booklet format to be understandable to you. If you should have any questions about the content or provisions, please consult Prudential's claims paying office. Prudential will assist you in any way to help you understand your benefits.

The benefits described in this Certificate of Coverage are subject in every way to the entire Group Contract which includes this Group Insurance Certificate.

THIS CERTIFICATE IS NOT A MEDICARE SUPPLEMENT CERTIFICATE. If you are eligible for Medicare, review the Guide to Health Insurance for People with Medicare available from the company.

## Prudential's Address

The Prudential Insurance Company of America
290 West Mount Pleasant Avenue
Livingston, New Jersey 07039

_____
Signature of Employee

Case 3:08-cv-00200-TWP-HBG   Document 1-1   Filed 05/19/08   Page 18 of 38   PageID #: 20

# General Provisions

## What Is the Certificate?

This certificate is a written document prepared by Prudential which tells you:

- the coverage to which you may be entitled;

- to whom Prudential will make a payment; and

- the limitations, exclusions and requirements that apply within a plan.

## General Definitions used throughout this certificate include:

*You* means a person who is eligible for Prudential coverage.

*We, us, and our* means The Prudential Insurance Company of America.

*Employee* means a person who is in active employment with the Employer for the minimum hours requirement.

*Insured* means any person covered under a coverage.

*Plan* means a line of coverage under the Group Contract.

## When Are You Eligible for Coverage?

If you are working for your Employer in a covered class, the date you are eligible for coverage is the later of:

- the plan's program date; and

- the day after you complete your *employment waiting period*.

*Employment waiting period* means the continuous period of time that you must be in a covered class before you are eligible for coverage under a plan. The period must be agreed upon by the Employer and Prudential.

## When Does Your Coverage Begin?

When your Employer pays the entire cost of your coverage under a plan, you will be covered at 12:01 a.m. on the date you are eligible for coverage, provided you are in *active employment* on that date.

When you and your Employer share the cost of your coverage under a plan, you will be covered at 12:01 a.m. on the latest of:

- the date you are eligible for coverage, if you apply for insurance on or before that date;

- the date you apply for insurance, if you apply within 31 days after your eligibility date; or

Case 3:08-cv-00200-TWP-HBG   Document 1-1   Filed 05/19/08   Page 19 of 38   PageID #: 21

• the date Prudential approves your application, if *evidence of insurability* is required.

Evidence of insurability is required if you:

• are a late applicant, which means you apply for coverage more than 31 days after the date you are eligible for coverage; or
• voluntarily canceled your coverage and are reapplying; or
• apply after any of your coverage ended because you did not pay a required contribution; or
• have not met a previous evidence requirement to become insured under any plan the Employer has with Prudential.

An evidence of insurability form can be obtained from your Employer.

*Active employment* means you are working for your Employer for earnings that are paid regularly and that you are performing the material and substantial duties of your regular occupation. You must be working at least 30 hours per week.

Your worksite must be:

• your Employer's usual place of business;
• an alternate work site at the direction of your Employer other than your home unless clear specific expectations and duties are documented; or
• a location to which your job requires you to travel.

Normal vacation is considered active employment.

Temporary and seasonal workers are excluded from coverage.

Individuals whose employment status is being continued under a severance or termination agreement will not be considered in active employment.

*Evidence of Insurability* means a statement of your medical history which Prudential will use to determine if you are approved for coverage. Evidence of insurability will be provided at your own expense.

## What If You Are Absent from Work on the Date Your Coverage Would Normally Begin?

If you are absent from work due to injury, sickness, temporary layoff or leave of absence your coverage will begin on the date you return to active employment.

## Once Your Coverage Begins, What Happens If You Are Temporarily Not Working?

If you are on a temporary layoff, and if premium is paid, you will be covered to the end of the month following the month in which your temporary layoff begins.

If you are on a leave of absence, and if premium is paid, you will be covered to the end of the month following the month in which your leave of absence begins. However, if you are a Reservist or a member of the Pennsylvania National Guard on active military duty, other than active military duty for training, and if premium is paid, you will be covered to the end of your military duty.

With respect to leave under the federal Family and Medical Leave Act of 1993 (FMLA) or similar state law, continuation of coverage under the plan during such leave will be governed by your Employer's policies regarding continuation of such coverage for non-FMLA leave purposes and any applicable law. Continuation of such coverage is contingent upon Prudential's timely receipt of premium payments and written confirmation of premium from your Employer.

If you are working less than 30 hours per week, for reasons other than disability, and if premium is paid, you will be covered to the end of the month following the month in which your reduced hours begin.

*Layoff or leave of absence* means you are temporarily absent from active employment for a period of time that has been agreed to in advance in writing by your Employer, other than for reasons in connection with any severance or termination agreement. Your normal vacation time, any period of disability or FMLA leave is not considered a temporary layoff.

## When Will Changes to Your Coverage Take Effect?

Once your coverage begins, any increased or additional coverage will take effect immediately upon the effective date of the change. If you are in active employment or if you are on a covered layoff or leave of absence. If you are not in active employment due to injury or sickness, any increase of additional coverage will begin on the date you return to active employment. An increase in your long term disability coverage may be subject to a pre-existing condition limitation as described in the plan. Any decrease in coverage will take effect immediately upon the effective date of the change. Neither an increase nor a decrease in coverage will affect a *payable claim* that occurs prior to the increase or decrease.

*Payable claim* means a claim for which Prudential is liable under the terms of the Group Contract.

## When Does Your Coverage End?

Your coverage under the Group Contract or a plan ends on the earliest of:

• the date the Group Contract or a plan is canceled;
• the date you are no longer a member of the covered classes;
• the date your covered class is no longer covered;
• the last day of the period for which you made any required contributions;
• the last day you are in active employment except as provided under the temporary absence from work provisions; or

Case 3:08-cv-00200-TWP-HBG   Document 1-1   Filed 05/19/08   Page 20 of 38   PageID #: 22

- the date you are no longer in active employment due to a disability that is not covered under the plan.

## Does the Coverage under a Plan Replace or Affect any Workers' Compensation or State Disability Insurance?

The coverage under a plan does not replace or affect the requirements for coverage by workers' compensation or state disability insurance.

## Does Your Employer Act as Prudential's Agent?

For purposes of the Group Contract, your Employer acts on its own behalf. Under no circumstances will your Employer be deemed the agent of Prudential.

## Does This Certificate Address Any Rights to Other Benefits or Affect Your Employment with Your Employer?

This certificate sets forth only the terms and conditions for coverage and receipt of benefits for Long Term Disability. It does not address and does not confer any rights, or take away any rights, if any, to other benefits or employment with your Employer. Your rights, if any, to other benefits or employment are solely determined by your Employer. Prudential plays no role in determining, interpreting, or applying any such rights that may or may not exist.

## How Can Statements Made in Your Application for this Coverage be Used?

Prudential considers any statements you or your Employer make in a signed application for coverage a representation and not a warranty. If any of the statements you or your Employer make are not complete and/or not true at the time they are made, we can:

- reduce or deny any claim; or
- cancel your coverage from the original effective date.

If a statement is used in a contest, a copy of that statement will be furnished to you or, in the event of your death or incapacity, to your eligible survivor or personal representative.

A statement will not be contested after the amount of insurance has been in force, before the contest, for at least two years during your lifetime.

We will use only statements made in a signed application as a basis for doing this.

If the Employer gives us information about you that is incorrect, we will:

- use the facts to decide whether you have coverage under the plan and in what amounts; and
- make a fair adjustment of the premium.

# Long Term Disability Coverage

83500
CGP-LTD-1001

## GENERAL INFORMATION

## Who Is in the Covered Class(es) for the Insurance?

The Covered Classes are:

All Hourly Employees of Armstrong Flooring – Wood Products at Oneida.

## How Many Hours Must You Work to be Eligible for Coverage?

You must be working at least 30 hours per week.

## What Is Your Employment Waiting Period?

You may need to work for your Employer for a continuous period before you become eligible for the coverage. The period must be agreed upon by your Employer and Prudential.

Your Employer will let you know about this waiting period.

## Who Pays for Your Coverage?

Your coverage is paid for by you and your Employer. Your Employer will inform you of the amount of your contribution when you enroll.

# Long Term Disability Coverage

## BENEFIT INFORMATION

### How Does Prudential Define Disability?

You are disabled when Prudential determines that:

- you are unable to perform the *material and substantial duties* of your *regular occupation* due to your *sickness or injury*; and

- you have a 20% or more loss in your *indexed monthly earnings* due to that *sickness or injury*.

After 24 months of payments, you are disabled when Prudential determines that due to the same *sickness* or *injury*, you are unable to perform the duties of any *gainful occupation* for which you are reasonably fitted by education, training or experience.

The loss of a professional or occupational license or certification does not, in itself, constitute disability.

We may require you to be examined by doctors, other medical practitioners or vocational experts of our choice. Prudential will pay for these examinations. We can require examinations as often as it is reasonable to do so. We may also require you to be interviewed by an authorized Prudential Representative. Refusal to be examined or interviewed may result in denial or termination of your claim.

*Material and substantial duties* means duties that:

- are normally required for the performance of your *regular occupation*; and

- cannot be reasonably omitted or modified, except that if you are required to work on average in excess of 40 hours per week, Prudential will consider you able to perform that requirement if you are working or have the capacity to work 40 hours per week.

*Regular occupation* means the occupation you are routinely performing when your disability begins. Prudential will look at your occupation as it is normally performed instead of how the work tasks are performed for a specific employer or at a specific location.

*Gainful occupation* means an occupation, including self employment, that is or can be expected to provide you with an income equal to at least 60% of your *indexed monthly earnings* within 12 months of your return to work.

*Sickness* means any disorder of your body or mind, but not an *injury*; pregnancy including abortion, miscarriage or childbirth. Disability must begin while you are covered under the plan.

*Injury* means a bodily injury that is the direct result of an accident and not related to any other cause. *Injury* which occurs before you are covered under the plan will be treated as a *sickness*. Disability must begin while you are covered under the plan.

---

*Indexed monthly earnings* means your monthly earnings as adjusted on each July 1 provided you were disabled for all of the 12 months before that date. Your monthly earnings will be adjusted on that date by the lesser of 10% or the current annual percentage increase in the Consumer Price Index. Your indexed monthly earnings may increase or remain the same, but will never decrease.

The Consumer Price Index (CPI-W) is published by the U.S. Department of Labor. Prudential reserves the right to use some other similar measurement if the Department of Labor changes or stops publishing the CPI-W.

Indexing is only used to determine your percentage of lost earnings while you are disabled and working.

### How Long Must You Be Disabled Before Your Benefits Begin?

You must be continuously disabled through your *elimination period*. Prudential will treat your disability as continuous if your disability stops for 30 days or less during the elimination period. The days that you are not disabled will not count toward your elimination period.

Your elimination period is 180 days.

*Elimination period* means a period of continuous disability which must be satisfied before you are eligible to receive benefits from Prudential.

### Can You Satisfy Your Elimination Period If You Are Working?

Yes, provided you meet the definition of disability.

### When Will Prudential Pay You If You Are Disabled and Not Working?

You will begin to receive payments when we approve your claim, providing the elimination period has been met. We will send you a payment each month for any period for which Prudential is liable.

### How Much Will Prudential Pay If You Are Disabled and Not Working?

We will follow this process to figure out your *monthly payment*:

1. Multiply your monthly earnings by 60%.

2. The maximum *monthly benefit* is $3,000.00.

3. Compare the answer in Item 1 with the maximum monthly benefit. The lesser of these two amounts is your *gross disability payment*.

4. Subtract from your gross disability payment any *deductible sources of income*.

That amount figured in Item 4 is your *monthly payment*.

After the elimination period, if you are disabled for less than 1 month, we will send you 1/30th of your payment for each day of disability.

---

*Monthly payment* means your payment after any deductible sources of income have been subtracted from your gross disability payment.

*Monthly benefit* means the total benefit amount before Prudential subtracts deductible sources of income and disability earnings.

*Gross disability payment* means your gross monthly income from deductible sources of income and disability earnings.

*Deductible sources of income* means income from deductible sources listed in the plan that you receive or are entitled to receive while you are disabled. This income will be subtracted from your gross disability payment.

## What Are Your Monthly Earnings?

*Monthly earnings* means your gross monthly income from your Employer in effect just prior to your date of disability. It does not include income received from commissions, bonuses, overtime pay, any other extra compensation, or income received from sources other than your Employer.

## What Will We Use to Determine Monthly Earnings If You Become Disabled During a Covered Layoff or Leave of Absence?

If you become disabled while you are on a covered layoff or leave of absence, we will use your monthly earnings from your Employer in effect just prior to the date your absence begins.

## How Much Will Prudential Pay If You Work While You Are Disabled?

We will send you the monthly payment if you are disabled and your monthly disability earnings, if any, are less than 20% of your indexed monthly earnings due to the same sickness or injury.

During the first 12 months of payments, while working, if your monthly disability earnings are 20% or more of your indexed monthly earnings, Prudential will figure your payment as follows:

1. Add your monthly disability earnings to your gross disability payment.

2. Compare the answer in item 1 to your indexed monthly earnings.

If the answer in item 1 is less than or equal to 100% of your indexed monthly earnings, Prudential will not further reduce your monthly payment.

If the answer in item 1 is more than 100% of your indexed monthly earnings, Prudential will subtract the amount over 100% from your monthly payment.

After 12 months of payments, while working, you will receive payments based on the percentage of income you are losing due to your disability.

1. Subtract your disability earnings from your indexed monthly earnings.

2. Divide the answer in item 1 by your indexed monthly earnings. This is your percentage of lost earnings.

3. Multiply your monthly payment by the answer in item 2.

This is the amount Prudential will pay you each month.

During the first 24 months of disability payments, if your monthly disability earnings exceed 80% of your indexed monthly earnings, Prudential will stop sending you payments and your claim will end.

Beyond 24 months of disability payments, if your monthly disability earnings exceed 60% of your indexed monthly earnings, Prudential will stop sending you payments and your claim will end.

Prudential may require you to send proof of your monthly disability earnings on a monthly basis. We will adjust your payment based on your monthly disability earnings.

As part of our proof of disability earnings, we can require that you send us appropriate financial records, including copies of your IRS federal income tax return, W-2's and 1099's, which we believe are necessary to substantiate your income.

*Disability earnings* means the earnings which you receive while you are disabled and working, plus the earnings you could receive if you were working to your greatest extent possible. This would be, based on your restrictions and limitations:

• During the first 24 months of disability payments, the greatest extent of work you are able to do in your regular occupation, that is reasonably available.

• Beyond 24 months of disability payments, the greatest extent of work you are able to do in any occupation, that is reasonably available, for which you are reasonably fitted by education, training or experience.

Salary continuance paid to supplement your disability earnings will not be considered payment for work performed.

## What Happens If Your Disability Earnings Fluctuate?

If your disability earnings are expected to fluctuate widely from month to month, Prudential may average your disability earnings over the most recent 3 months to determine if your claim should continue subject to all other terms and conditions in the plan.

If Prudential averages your disability earnings, we will terminate your claim if:

• During the first 24 months of disability payments, the average of your disability earnings from the last 3 months exceeds 80% of indexed monthly earnings; or

• Beyond 24 months of disability payments, the average of your disability earnings from the last 3 months exceeds 60% of indexed monthly earnings.

We will not pay you for any month during which disability earnings exceed the above amounts.

## What Are Deductible Sources of Income?

Prudential will deduct from your gross disability payment the following deductible sources of income:

1. The amount that you receive or are entitled to receive as loss of time benefits under:
   (a) a workers' compensation law;
   (b) an occupational disease law; or
   (c) any other act or law with similar intent.

2. The amount that you receive or are entitled to receive or are entitled to receive as loss of time disability income payments under any:
   (a) state compulsory benefit act or law;
   (b) automobile liability insurance policy issued in accordance with the Pennsylvania Motor Vehicle Financial Responsibility Law;
   (c) other group insurance plan; or
   (d) governmental retirement system as the result of your job with your Employer.

3. The amount that you, your spouse and children receive or are entitled to receive as loss of time disability payments because of your disability under:
   (a) the United States Social Security Act;
   (b) the Railroad Retirement Act;
   (c) the Canada Pension Plan;
   (d) the Quebec Pension Plan; or
   (e) any similar plan or act.

   Amounts paid to your spouse or to your children living with such spouse will not be included.

4. The amount that you receive as retirement payments or the amount your spouse and children receive as retirement payments because you are receiving payments under:
   (a) the United States Social Security Act;
   (b) the Railroad Retirement Act;
   (c) the Canada Pension Plan;
   (d) the Quebec Pension Plan; or
   (e) any similar plan or act.

   Benefits paid to your former spouse or to your children living with such spouse will not be included.

5. The amount that you:
   (a) receive as disability payments under your Employer's retirement plan;
   (b) voluntarily elect to receive as retirement or early retirement payments under your Employer's retirement plan; or
   (c) receive as retirement payments when you reach normal retirement age, as defined in your Employer's retirement plan.

   Disability payments under a retirement plan will be those benefits which are paid due to disability and do not reduce the retirement benefits which would have been paid if the disability had not occurred.

   Retirement payments will be those benefits which are based on your Employer's contribution to the retirement plan. Disability benefits which reduce the retirement benefits under the plan will also be considered as a retirement benefit.

   Amounts received do not include amounts rolled over or transferred to any eligible retirement plan. Prudential will use the definition of eligible retirement plan as defined in Section 402 of the Internal Revenue Code including any future amendments which affect the definition.

6. The amount you receive under the maritime doctrine of maintenance, wages and cure. This includes only the "wages" part of such benefits.

7. The amount you receive from a partnership, proprietorship or any similar draws.

   With the exception of retirement payments, or amounts that you receive from a partnership, proprietorship or any similar draws, Prudential will only subtract deductible sources of income which are payable as a result of the same disability.

   We will not reduce your payment by your Social Security income if your disability begins after age 65 and you were already receiving Social Security retirement payments.

   Law, plan or act means the original enactment of the law, plan or act and all amendments.

   Retirement plan means a defined contribution plan or defined benefit plan. These are plans which provide retirement benefits to employees and are not funded entirely by employee contributions

## What Are Not Deductible Sources of Income?

Prudential will not deduct from your gross disability payment income you receive from, but not limited to, the following sources:

- 401(k) plans;
- profit sharing plans;
- thrift plans;
- tax sheltered annuities;
- stock ownership plans;

- non-qualified plans of deferred compensation;
- pension plans for partners;
- military pension and disability income plans;
- credit disability insurance;
- franchise disability income plans;
- a retirement plan from another Employer;
- individual retirement accounts (IRA).

## What If Subtracting Deductible Sources of Income Results in a Zero Benefit? (Minimum Benefit)

The minimum monthly payment is $100.00.

Prudential may apply this amount toward an outstanding overpayment.

## What Happens When You Receive a Cost of Living Increase from Deductible Sources of Income?

Once Prudential has subtracted any deductible source of income from your gross disability payment, Prudential will not further reduce your payment due to a cost of living increase from that source.

## What If Prudential Determines that You May Qualify for Deductible Income Benefits?

If we determine that you may qualify for benefits under item 1, 2 or 3 in the deductible sources of income section, we will estimate your entitlement to these benefits. We can reduce your payment by the estimated amount if such benefits have not been awarded.

However, we will NOT reduce your payment by the estimated amount under item 1, 2 or 3 in the deductible sources of income section if you:

- apply for the benefits;
- appeal any denial to all administrative levels Prudential feels are necessary; and
- sign Prudential's *Reimbursement Agreement* form. This form states that you promise to pay us any overpayment caused by an award.

If your payment has been reduced by an estimated amount, your payment will be adjusted when we receive proof:

- of the amount awarded; or
- that benefits have been denied and all appeals Prudential feels are necessary have been completed. In this case, a lump sum refund of the estimated amount will be made to you.

## What Happens If You Receive a Lump Sum Payment?

If you receive a lump sum payment from any deductible source of income, the lump sum will be pro-rated on a monthly basis over the time period for which the sum was given. If no time period is stated, we will use a reasonable one.

## How Long Will Prudential Continue to Send You Payments?

Prudential will send you a payment each month up to the *maximum period of payment*. Your *maximum period of payment* is:

| Your Age on Date Disability Begins | Your Maximum Period of Benefits |
| --- | --- |
| Under age 61 | To your normal retirement age*, but not less than 60 months |
| Age 61 | To your normal retirement age*, but not less than 48 months |
| Age 62 | To your normal retirement age*, but not less than 42 months |
| Age 63 | To your normal retirement age*, but not less than 36 months |
| Age 64 | To your normal retirement age*, but not less than 30 months |
| Age 65 | 24 months |
| Age 66 | 21 months |
| Age 67 | 18 months |
| Age 68 | 15 months |
| Age 69 and over | 12 months |

*Your normal retirement age is your retirement age under the Social Security Act where retirement age depends on your year of birth.

We will stop sending you payments and your claim will end on the earliest of the following:

1. During the first 24 months of payments, when you are able to work in your regular occupation on a *part-time basis* but you choose not to; after 24 months of payments, when you are able to work in any gainful occupation on a part-time basis but you choose not to.

2. The end of the maximum period of payment.

3. The date you are no longer disabled under the terms of the plan.

4. The date you fail to submit proof of continuing disability satisfactory to Prudential.

5. The date your disability earnings exceed the amount allowable under the plan.

6. The date you die.

*Maximum period of payment* means the longest period of time Prudential will make payments to you for any one period of disability.

*Part-time basis* means the ability to work and earn 20% or more of your indexed monthly earnings.

Case 3:08-cv-00200-TWP-HBG   Document 1-1   Filed 05/19/08   Page 25 of 38   PageID #: 27

## What Disabilities Have a Limited Pay Period Under Your Plan?

Disabilities which, as determined by Prudential, are due in whole or part to *mental illness* have a limited pay period during your lifetime.

The limited pay period for mental illness is 24 months during your lifetime.

Prudential will continue to send you payments for disabilities due in whole or part to mental illness beyond the 24 month period if you meet one or both of these conditions:

1. If you are confined to a *hospital or institution* at the end of the 24 month period, Prudential will continue to send you payments during your *confinement*.

   If you are still disabled when you are discharged, Prudential will send you payments for a recovery period of up to 90 days.

   If you become reconfined at any time during the recovery period and remain confined for at least 14 days in a row, Prudential will send payments during that additional confinement and for one additional recovery period up to 90 more days.

2. In addition to item 1, if, after the 24 month period for which you have received payments, you continue to be disabled and subsequently become confined to a *hospital or institution* for at least 14 days in a row, Prudential will send payments during the length of the confinement.

Prudential will not pay beyond the limited pay period as indicated above, or the maximum period of payment, whichever occurs first.

Prudential will not apply the mental illness limitation to dementia if it is a result of:

* stroke;
* trauma;
* viral infection;
* Alzheimer's disease; or
* other conditions not listed which are not usually treated by a mental health provider or other qualified provider using psychotherapy, psychotropic drugs, or other similar methods of treatment as standardly accepted in the practice of medicine.

*Mental illness* means a psychiatric or psychological condition regardless of cause. Mental illness includes but is not limited to schizophrenia, depression, manic depressive or bipolar illness, anxiety, somatization, substance related disorders and/or adjustment disorders or other conditions. These conditions are usually treated by a mental health provider or other qualified provider using psychotherapy, psychotropic drugs, or other similar methods of treatment as standardly accepted in the practice of medicine.

*Hospital or institution* means an accredited facility licensed to provide care and treatment for the condition causing your disability.

## What Disabilities Are Not Covered Under Your Plan?

Your plan does not cover any disabilities caused by, contributed to by, or resulting from your:

* intentionally self-inflicted injuries;
* active participation in a riot; or
* commission of a crime for which you have been convicted under state or federal law.

Your plan does not cover a disability which:

* begins within 12 months of the date your coverage under the plan becomes effective; and
* is due to a pre-existing condition.

Your plan does not cover a disability due to war, declared or undeclared, or any act of war.

## What Is a Pre-Existing Condition?

You have a pre-existing condition if you received medical treatment, consultation, care or services including diagnostic measures, took prescribed drugs or medicines, or followed treatment recommendation in the 3 months just prior to your effective date of coverage or the date an increase in benefits would otherwise be available.

## How Does a Pre-Existing Condition Affect an Increase in Your Benefits?

If there is an increase in your benefits due to an amendment to the plan, or your enrollment in another plan option, a benefit limit will apply if your disability is due to a pre-existing condition.

You will be limited to the benefits you had on the day before the increase if your disability begins during the 12 month period starting with the date the increase in benefits would have been effective. The increase will not take affect until your disability ends.

## How Does the Pre-Existing Condition Work If You Were Covered Under Your Employer's Prior Plan?

Special rules apply to pre-existing conditions, if this long term disability plan replaces your Employer's prior plan and:

* you were covered by that plan on the day before this plan became effective; and
* you became covered under this plan within thirty-one days of its effective date.

The special rules are:

1. If the Employer's prior plan did not have a pre-existing condition exclusion or limitation, then a pre-existing condition will not be excluded or limited under this plan.

2. If the Employer's prior plan did have a pre-existing condition exclusion or limitation, then the limited time does not end after the first 12 months of coverage. Instead it will end on the date any equivalent limit would have ended under the Employer's prior plan.

Case 3:08-cv-00200-TWP-HBG   Document 1-1   Filed 05/19/08   Page 26 of 38   PageID #: 28

GRP 99545-9

3. If the change from your Employer's prior plan to this plan of coverage would result in an increase in your amount of benefits, the benefits for your disability that is due to a pre-existing sickness or injury will not increase. Instead the benefits are limited to the amount you had on the day before the plan change.

## What Happens If You Return to Work Full Time and Your Disability Occurs Again?

If you have a *recurrent disability*, as determined by Prudential, we will treat your disability as part of your prior claim and you will not have to complete another elimination period if:

• you were continuously insured under this plan for the period between your prior claim and your current disability; and

• your recurrent disability occurs within 6 months of the end of your prior claim.

Your recurrent disability will be subject to the same terms of the plan as your prior claim. Any disability which occurs after 6 months from the date your prior claim ended will be treated as a new claim. The new claim will be subject to all of the plan provisions.

If you become covered under any other group long term disability plan, you will not be eligible for payments under the Prudential plan.

*Recurrent disability* means a disability which is:

• caused by a worsening in your condition; and

• due to the same cause(s) as your prior disability for which Prudential made a Long Term Disability payment.

# Long Term Disability Coverage

## CLAIM INFORMATION

### When Do You Notify Prudential of a Claim?

We encourage you to notify us of your claim as soon as possible, so that a claim decision can be made in a timely manner. Written notice of a claim should be sent within 30 days after the date your disability begins. However, you must send Prudential written proof of your claim no later than 90 days after your elimination period ends. If it is not possible to give proof within 90 days, it must be given no later than 1 year after the time proof is otherwise required except in the absence of legal capacity.

The claim form is available from your Employer, or you can request a claim form from us. If you do not receive the form from Prudential within 15 days of your request, send Prudential written proof of claim without waiting for the form.

You must notify us immediately when you return to work in any capacity.

### How Do You File a Claim?

You and your Employer must fill out your own section of the claim form and then give it to your attending doctor. Your doctor should fill out his or her section of the form and send it directly to Prudential.

### What Information Is Needed as Proof of Your Claim?

Your proof of claim, provided at your expense, must show:

(1) That you are under the *regular care of a doctor*.

(2) The appropriate documentation of your monthly earnings.

(3) The date your disability began.

(4) Appropriate documentation of the disabling disorder.

(5) The extent of your disability, including restrictions and limitations preventing you from performing your regular occupation or gainful occupation.

(6) The name and address of any *hospital or institution* where you received treatment, including all attending doctors.

(7) The name and address of any doctor you have seen.

We may request that you send proof of continuing disability, satisfactory to Prudential, indicating that you are under the regular care of a doctor. This proof, provided at your expense, must be received within 30 days of a request by us.

In some cases, you will be required to give Prudential authorization to obtain additional medical information, and to provide non-medical information as part of your proof of claim, or proof of continuing disability. Prudential will deny your claim or stop sending you payments if the appropriate information is not submitted.

*Regular care* means:

• you personally visit a doctor as frequently as is medically required, according to generally accepted medical standards, to effectively manage and treat your disabling condition(s); and

• you are receiving the most appropriate treatment and care, which conforms with generally accepted medical standards, for your disabling condition(s) by a doctor whose specialty or experience is the most appropriate for your disabling condition(s), according to generally accepted medical standards.

*Doctor* means:

a person who is performing tasks that are within the limits of his or her medical license; and

• is licensed to practice medicine and prescribe and administer drugs or to perform surgery; or

• has a doctoral degree in Psychology (Ph.D. or Psy.D.) whose primary practice is treating patients; or

• is a legally qualified medical practitioner according to the laws and regulations of the governing jurisdiction.

Prudential will not recognize any relative including, but not limited to, you, your spouse, or a child, brother, sister, or parent of you or your spouse as a doctor for a claim that you send to us.

*Hospital or Institution* means an accredited facility licensed to provide care and treatment for the condition causing your disability.

## Who Will Prudential Make Payments To?

Prudential will make payments to you.

## What Happens If Prudential Overpays Your Claim?

Prudential has the right to recover any overpayments due to:

• fraud;

• any error Prudential makes in processing a claim; and

• your receipt of deductible sources of income.

You must reimburse us in full. We will determine the method by which the repayment is to be made.

Prudential will not recover more money than the amount we paid you.

83500
CCLM-LTD-1001

(S-2)

## What Are the Time Limits for Legal Proceedings?

You can start legal action regarding your claim 60 days after proof of claim has been given and up to 3 years from the time proof of claim is required, unless otherwise provided under federal law.

## How Will Prudential Handle Insurance Fraud?

Prudential wants to ensure you and your Employer do not incur additional insurance costs as a result of the undermining effects of insurance fraud. Prudential promises to focus on all means necessary to support fraud detection, investigation and prosecution.

In some jurisdictions, if you knowingly and with intent to defraud Prudential, file an application or a statement of claim containing any materially false information or conceal for the purpose of misleading, information concerning any fact material thereto, you commit a fraudulent insurance act, which is a crime and subjects you to criminal and civil penalties. These actions will result in denial or termination of your claim, and, where such laws apply, are subject to prosecution and punishment to the full extent under any applicable law. Prudential will pursue all appropriate legal remedies in the event of insurance fraud.

83500
CCLM-LTD-1001

(S-2)

# Long Term Disability Coverage

## OTHER SERVICES

### How Can Prudential Help Your Employer Identify and Provide Worksite Modification?

A worksite modification might be what is needed to allow you to perform the material and substantial duties of your regular occupation with your Employer. One of our designated professionals will assist you and your Employer to identify a modification we agree is likely to help you remain at work or return to work. This agreement will be in writing and must be signed by you, your Employer and Prudential.

When this occurs, Prudential will reimburse your Employer for the cost of the modification up to the greater of:

- $1,000; or
- the equivalent of 2 months of your monthly benefit.

This benefit is available to you on a one time only basis.

### How Can Prudential's Social Security Claimant Assistance Program Help You With Obtaining Social Security Disability Benefits?

Prudential can arrange for expert advice regarding your Social Security disability benefits claim and assist you with your application or appeal, if you are disabled under the plan.

Receiving Social Security benefits may enable:

- you to receive Medicare after 24 months of disability payments;
- you to protect your retirement benefits; and
- your family to be eligible for Social Security benefits.

We can assist you in obtaining Social Security disability benefits by:

- helping you find appropriate legal representation;
- obtaining medical and vocational evidence; and
- reimbursing pre-approved case management expenses.

83500
COTS-LTD-1001

(S-3)

---

# Long Term Disability Coverage

## OTHER SERVICES

### How Can Prudential's Rehabilitation Program Help You Return to Work?

Prudential has a *rehabilitation program available*.

As your file is reviewed, medical and vocational information will be analyzed to determine if rehabilitation services might help you return to work.

Once this initial review is completed by our rehabilitation program specialists working along with your doctor and other appropriate specialists, Prudential may elect to offer you and pay for a rehabilitation program. If the rehabilitation program is not developed by Prudential's rehabilitation program specialists, you must receive written approval from Prudential for the program before it begins.

The rehabilitation program may include, but is not limited to, the following services:

- coordination with your Employer to assist you to return to work;
- evaluation of adaptive equipment to allow you to return to work;
- vocational evaluation to determine how your disability may impact your employment options;
- job placement services;
- resume preparation;
- job seeking skills training;
- retraining for a new occupation; or
- assistance with relocation that may be part of an approved rehabilitation program.

*Rehabilitation program means a program designed to assist you to return to work.*

83500
COTS-LTD-2005

(S-6X7723P-12)

# Glossary

**Active employment** means you are working for your Employer for earnings that are paid regularly and that you are performing the material and substantial duties of your regular occupation. You must be working at least 30 hours per week.

Your workable must be:

- your Employer's usual place of business;
- an alternate work site at the direction of your Employer other than your home unless clear specific expectations and duties are documented; or
- a location to which your job requires you to travel.

Normal vacation is considered active employment.

Temporary and seasonal workers are excluded from coverage.

Individuals whose employment status is being continued under a severance or termination agreement will not be considered in active employment.

**Confined or confinement** for this section means a hospital stay of at least 8 hours per day.

**Contract holder** means the Employer to whom the Group Contract is issued.

**Deductible sources of income** means income from deductible sources listed in the plan that you receive or are entitled to receive while you are disabled. This income will be subtracted from your gross disability payment.

**Disability earnings** means the earnings which you receive while you are disabled and working, plus the earnings you could receive if you were working to your greatest extent possible as explained in the plan. Salary continuance will not be included as disability earnings since it is not payment for work performed.

**Doctor** means:

a person who is performing tasks that are within the limits of his or her medical license; and

- is licensed to practice medicine and prescribe and administer drugs or to perform surgery; or
- has a doctoral degree in Psychology (Ph.D. or Psy.D.) whose primary practice is treating patients; or
- is a legally qualified medical practitioner according to the laws and regulations of the governing jurisdiction.

Prudential will not recognize any relative including but not limited to you, your spouse, or a child, brother, sister, or parent of you or your spouse as a doctor for a claim that you send to us.

**Elimination period** means a period of continuous disability which must be satisfied before you are eligible to receive benefits from Prudential.

**Employee** means a person who is in active employment with the Employer for the minimum hours requirement.

**Employer** means the Contract Holder, and includes any division, subsidiary or affiliate who is reported to Prudential in writing for inclusion under the Group Contract, provided that Prudential has approved such request.

**Employment waiting period** means the continuous period of time that you must be in a covered class before you are eligible for coverage under a plan. The period must be agreed upon by the Employer and Prudential.

**Evidence of Insurability** means to determine if you are approved for coverage. Evidence of Insurability will be provided at your own expense.

**Gainful occupation** means an occupation, including self employment, that is or can be expected to provide you with an income equal to at least 60% of your indexed monthly earnings within 12 months of your return to work.

**Gross disability payment** means the benefit amount before Prudential subtracts deductible sources of income and disability earnings.

**Hospital or Institution** means an accredited facility licensed to provide care and treatment for the condition causing your disability.

**Indexed monthly earnings** means your monthly earnings as adjusted on each July 1 provided you were disabled for all of the 12 months before that date. Your monthly earnings will be adjusted on that date by the lesser of 10% or the current annual percentage increase in the Consumer Price Index. Your indexed monthly earnings may increase or remain the same, but will never decrease.

The Consumer Price Index (CPI-W) is published by the U.S. Department of Labor. Prudential reserves the right to use some other similar measurement if the Department of Labor changes or stops publishing the CPI-W.

Indexing is only used to determine your percentage of lost earnings while you are disabled and working.

**Injury** means a bodily injury that is the direct result of an accident and not related to any other cause. Injury which occurs before you are covered under the plan will be treated as a sickness. Disability must begin while you are covered under the plan.

**Insured** means any person covered under a coverage.

**Law, plan or act** means the original enactment of the law, plan or act and all amendments.

**Layoff or leave of absence** means you are temporarily absent from active employment for a period of time that has been agreed to in advance in writing by your Employer, other than for reasons in connection with any severance or termination agreement. Your normal vacation time, or any period of disability or FMLA leave is not considered a temporary layoff.

83500
CGL-1001 (as modified by GRP 99646-6)

26

(77239-12)

83500
CGL-1001 (as modified by GRP 99646-6)

27

(77239-12)

*Material and substantial duties* means duties that:

- are normally required for the performance of your regular occupation; and
- cannot be reasonably omitted or modified, except that if you are required to work on average in excess of 40 hours per week, Prudential will consider you able to perform that requirement if you are working or have the capacity to work 40 hours per week.

*Maximum period of payment* means the longest period of time Prudential will make payments to you for any one disability.

*Mental illness* means a psychiatric or psychological condition regardless of cause. Mental illness includes but is not limited to schizophrenia, depression, manic depressive, or bipolar illness, anxiety, somatization, substance related disorders, and/or adjustment disorders or other conditions. These conditions are usually treated by a mental health provider or other qualified provider using psychotherapy, psychotropic drugs, or other similar methods of treatment as standardly accepted in the practice of medicine.

*Monthly benefit* means the total benefit amount for which an employee is insured under this plan subject to the maximum benefit.

*Monthly earnings* means your gross monthly income from your Employer as defined in the plan.

*Monthly payment* means your payment after any deductible sources of income have been subtracted from your gross disability payment.

*Part-time basis* (LTD) means the ability to work and earn 20% or more of your indexed monthly earnings.

*Payable claim* means a claim for which Prudential is liable under the terms of the Group Contract.

*Plan* means a line of coverage under the Group Contract.

*Pre-existing condition* means a condition for which you received medical treatment, consultation, care or services including diagnostic measures, took prescribed drugs or medicines or followed treatment recommendation for your condition during the given period of time as stated in the plan.

*Recurrent disability* means a disability which is:

- caused by a worsening in your condition; and
- due to the same cause(s) as your prior disability for which Prudential made a Long Term Disability payment.

*Regular care means:*

- you personally visit a doctor as frequently as is medically required, according to generally accepted medical standards, to effectively manage and treat your disabling condition(s); and
- you are receiving the most appropriate treatment and care, which conforms with generally accepted medical standards, for your disabling condition(s) by a doctor whose specialty or experience is the most appropriate for your disabling condition(s), according to generally accepted medical standards.

*Regular occupation* means the occupation you are routinely performing when your disability occurs. Prudential will look at your occupation as it is normally performed instead of how the work tasks are performed for a specific employer or at a specific location.

*Rehabilitation program* means a program designed to assist you to return to work.

*Retirement plan* means a defined contribution plan or defined benefit plan. These are plans which provide retirement benefits to employees and are not funded entirely by employee contributions.

*Sickness* means any disorder of your body or mind, but not an injury; pregnancy including abortion, miscarriage or childbirth. Disability must begin while you are covered under the plan.

*We, us, and our* means The Prudential Insurance Company of America.

*You means* a person who is eligible for Prudential coverage.

The Summary Plan Description

is not part of the

Group Insurance Certificate.

It has been provided by

your Employer and included in

your Booklet-Certificate

upon the Employer's request.

# SUMMARY PLAN DESCRIPTION

This booklet is intended to comply with the disclosure requirements of the regulations issued by the U.S. Department of Labor under the Employee Retirement Income Security Act (ERISA) of 1974. ERISA requires that you be given a "Summary Plan Description" which describes the plan and informs you of your rights under it.

## General Information

The Company has adopted this Plan as last amended and has delegated to the Claims Administrator the full and exclusive discretionary authority to interpret and construe the terms of the Plan, to determine all benefits and to resolve all questions arising from the claims administration, interpretation, and application of the Plan's provisions, either by general rules or by particular decisions, including determinations as to whether a claimant is eligible for benefits, the amount and timing of benefits, and any other matter (including any question of fact) about a claim raised by a claimant or identified by the Plan Administrator. The authority to amend or terminate the Plan is delegated to the Plan Administrator. Any decisions of the Claims Administrator and Plan Administrator are final, conclusive and binding as to all parties.

Armstrong intends to continue health care coverage to its active Employees indefinitely. However, all provisions of the Plan remain subject to future changes, modifications or terminations.

The Claims Administrator has the discretion and final authority to interpret all terms and provisions of the Plan.

## Plan Name

The Long Term Disability Plan

## Type of Plan

Employee Welfare Benefit plan providing Long Term Disability coverage

## Plan Sponsor

Armstrong World Industries, Inc.
Attention: Human Resources – Bldg. 701
PO Box 3001
Lancaster, Pennsylvania 17604

## Employer Identification Number

23-0366390

## Plan Number

522

SPD

31

(77239-12)

**Plan Administrator**

Armstrong World Industries, Inc.
Attention: Human Resources – Bldg. 701
PO Box 3001
Lancaster, Pennsylvania 17604

**Agent for Service of Legal Process**

C T Corporation System
Room 1035, Fidelity Building
Philadelphia, Pennsylvania 19109

The Plan Sponsor may also receive service of legal process for the Plan.

**U.S. Department of Labor**

U.S. Department of Labor
Employee Benefits Security Administration
200 Constitution Avenue, N.W.
Room N5625
Washington, DC 20210

**Plan's Fiscal Year Ends**

December 31

**Plan Fiduciary for Long Term Disability Coverage**

The Prudential Insurance Company of America
Prudential Plaza
Newark, New Jersey 07102

This Group Contract, underwritten by The Prudential Insurance Company of America provides insured benefits under your Employer's ERISA plan(s). The Prudential Insurance Company of America as Claims Administrator has the sole discretion to interpret the terms of the Group Contract, to make factual findings, and to determine eligibility for benefits. The decision of the Claims Administrator shall not be overturned unless arbitrary and capricious.

**Loss of Benefits**

You must continue to be a member of the class to which this plan pertains and continue to make any of the contributions agreed to when you enroll. Failure to do so may result in partial or total loss of your benefits.

**Claim Procedures**

1.  **Determination of Benefits**

    Prudential shall notify you of the claim determination within 45 days of the receipt of your claim. This period may be extended by 30 days if such an extension is necessary due to matters beyond the control of the plan. A written notice of the extension, the reason for the extension and the date by which the plan expects to decide your claim, shall be furnished to you within the initial 45-day period. This period may be extended for an additional 30 days beyond the original 30-day extension if necessary due to matters beyond the control of the plan. A written notice of the additional extension, the reason

for the additional extension and the date by which the plan expects to decide on your claim, shall be furnished to you within the first 30-day extension period if an additional extension of time is needed. However, if a period of time is extended due to your failure to submit information necessary to decide the claim, the period for making the benefit determination will be tolled from the date on which the notification of the extension is sent to you until the date on which you respond to the request for additional information.

If your claim for benefits is denied, in whole or in part, you or your authorized representative will receive a written notice from Prudential of your denial. The notice will be written in a manner calculated to be understood by you and shall include:

(a) the specific reason(s) for the denial;

(b) references to the specific plan provisions on which the benefit determination was based;

(c) a description of any additional material or information necessary for you to perfect a claim and an explanation of why such information is necessary;

(d) a description of the Prudential's appeals procedures and applicable time limits, including a statement of your right to bring a civil action under section 502(a) of ERISA following your appeals, and

(e) if an adverse benefit determination is based on a medical necessity or experimental treatment or similar exclusion or limit, an explanation of the scientific or clinical judgment for the determination will be provided free of charge upon request.

2.  **Appeals of Adverse Determination**

    If your claim for benefits is denied or if you do not receive a response to your claim within the appropriate time frame (in which case the claim for benefits is deemed to have been denied), you or your representative may appeal your denied claim in writing to Prudential within 180 days of the receipt of the written notice of denial or 180 days from the date such claim is deemed denied. You may submit with your appeal any written comments, documents, records and any other information relating to your claim. Upon your request, you will also have access to, and the right to obtain copies of, all documents, records and information relevant to your claim free of charge.

    A full review of the information in the claim file and any new information submitted to support the appeal will be conducted by the Prudential Appeals Review Unit. The claim decision will be made by a member of the Prudential Appeals Management Team. The Prudential Appeals Review Unit and Claims Management Team members are made up of individuals not involved in the initial benefit determination. This review will not afford any deference to the initial benefit determination.

    The Prudential Appeals Review Unit shall make a determination on your claim appeal within 45 days of the receipt of your appeal request. This period may be extended by up to 90 days if Prudential determines that special circumstances require an extension of time. A written notice of the extension, the reason for the extension and the date that the Prudential Appeals Review Unit expects to render a decision shall be furnished to you within the initial 45-day period. However, if the period of time is extended due to your

failure to submit information necessary to decide the appeal, the period for making the benefit determination will be tolled from the date on which the notification of the extension is sent to you until the date on which you respond to the request for additional information.

If the claim on appeal is denied in whole or in part, you will receive a written notification from Prudential of the denial. The notice will be written in a manner calculated to be understood by the applicant and shall include:

(a) the specific reason(s) for the adverse determination,

(b) references to the specific plan provisions on which the determination was based,

(c) a statement that you are entitled to receive upon request and free of charge reasonable access to, and make copies of, all records, documents and other information relevant to your benefit claim upon request,

(d) a description of Prudential's review procedures and applicable time limits,

(e) a statement that you have the right to obtain upon request and free of charge, a copy of internal rules or guidelines relied upon in making this determination, and

(f) a statement describing any appeals procedures offered by the plan, and your right to bring a civil suit under ERISA.

If a decision on appeal is not furnished to you within the time frames mentioned above, the claim shall be deemed denied on appeal.

If the appeal of your benefit claim is denied or if you do not receive a response to your appeal within the appropriate time frame (in which case the appeal is deemed to have been denied), you or your representative may make a second appeal of your denial in writing to Prudential within 180 days of the receipt of the written notice of denial or 180 days from the date such claim is deemed denied. You may submit with your second appeal any written comments, documents, records and any other information relating to your claim. Upon your request, you will also have access to, and the right to obtain copies of, all documents, records and information relevant to your claim free of charge.

Upon receipt of a second appeal, the Prudential Appeals Review Unit will again conduct a full review of the claim file and any additional information submitted. The claim decision will be made by a member of the Prudential Senior Claims Management Team. The Appeals Unit and Senior Claims Management Team member would not have been involved in the initial benefit determination or in the first appeal.

The Prudential Appeals Review Unit shall make a determination on your second claim appeal within 45 days of the receipt of your appeal request. This period may be extended by up to 90 days if Prudential determines that special circumstances require an extension of time. A written notice of the extension, the reason for the extension and the date by which the Appeals Review Unit expects to render a decision shall be furnished to you within the initial 45-day period. However, if the period of time is extended due to your failure to submit information necessary to decide the appeal, the period for making the benefit determination will be tolled from the date on which the notification of the extension is sent to you until the date on which you respond to the request for additional information.

---

If the claim on appeal is denied in whole or in part for a second time, you will receive a written notification from Prudential of the denial. The notice will be written in a manner calculated to be understood by the applicant and shall include the same information that was included in the first adverse determination letter as well as your right to appeal the decision to Prudential's Appeals Committee. If a decision on appeal is not furnished to you within the time frames mentioned above, the claim shall be deemed denied upon appeal.

If the second appeal of your benefit claim is denied or if you do not receive a response to your second appeal within the appropriate time frame (in which case the appeal is deemed to have been denied), you or your authorized representative may make a third appeal of your denial in writing to the Prudential Appeals Committee within 180 days of the receipt of the written notice of denial or 180 days from the date such claim is deemed denied. You may submit with your third appeal any written comments, documents, records and any other information relating to your claim. Upon your request, you will also have access to, and the right to obtain copies of, all documents, records and information relevant to your claim free of charge.

Upon receipt of a third appeal, the claim will be directed to Prudential's Appeals Committee by a member of the Prudential Senior Claims Management Team. This Committee will be composed of three members of the Senior Claims Management Team who have not been involved in any previous appeals.

The Prudential Appeals Committee shall make a determination on your third claim appeal within 45 days of the receipt of your appeal request. This period may be extended by up to 90 days if Prudential determines that special circumstances require an extension of time. A written notice of the extension, the reason for the extension and the date by which the Appeals Review Unit expects to render a decision shall be furnished to you within the initial 45-day period. However, if the period of time is extended due to your failure to submit information necessary to decide the appeal, the period for making the benefit determination will be tolled from the date on which the notification of the extension is sent to you until the date on which you respond to the request for additional information.

If the claim on appeal is denied in whole or in part for a third time, you will receive a written notification from Prudential of the denial. The notice will be written in a manner calculated to be understood by the applicant and shall include the same information that was included in the first adverse determination letter. If a decision on appeal is not furnished to you within the time frames mentioned above, the claim shall be deemed denied on appeal.

Your decision to submit a benefit dispute to the third level of appeal has no effect on your right to any other benefits under this plan. If you elect to initiate a lawsuit without submitting to a third level of appeal, the plan waives any right to assert that you failed to exhaust administrative remedies. If you elect to submit the dispute to the third level of appeal, the plan agrees that any statute of limitations or other defense based on timeliness is tolled during the time that the appeal is pending.

# OTHER IMPORTANT INFORMATION

In 1974, Congress passed the Employee Retirement Income Security Act (ERISA) to safeguard the interests of participants and beneficiaries in employee benefit plans. As a participant or beneficiary in the Plan, you have certain rights and protections under ERISA, as outlined in the following statement adapted from regulations of the U.S. Department of Labor.

## YOUR RIGHTS UNDER FEDERAL LAW

As a participant in the Plan, you are entitled to certain rights and protections under ERISA. ERISA provides that all Plan participants shall be entitled to:

### Receive Information About Your Plan and Benefits

- Examine, without charge, at the Plan Administrator's office and at other specified locations, such as worksites, all documents governing the Plan, including insurance contracts, collective bargaining agreements, and a copy of the latest annual report (Form 5500 Series) filed by the Plan with the U.S. Department of Labor and available at the Public Disclosure Room of the Employee Benefits Security Administration.

- Obtain, upon written request to the Plan Administrator, copies of documents governing the operation of the Plan, insurance contracts, collective bargaining agreements, a copy of the latest annual report (Form 5500 Series), and an updated summary plan description. The Plan Administrator may make a reasonable charge for the copies.

- Receive a summary of the Plan's annual financial report. The Plan Administrator is required by law to furnish each participant with a copy of this summary annual report.

- Receive a copy of the procedures used by the Plan for determining a qualified medical child support order (QMCSO).

### Prudent Actions by Plan Fiduciaries

In addition to creating rights for Plan participants ERISA imposes duties upon the people who are responsible for the operation of the Employee benefit plan. The people who operate your Plan, called "fiduciaries" of the Plan, have a duty to do so prudently and in the interest of you and other Plan participants and beneficiaries. No one, including your employer, your union, or any other person, may fire you or otherwise discriminate against you in any way to prevent you from obtaining a welfare benefit or exercising your rights under ERISA.

### Enforce Your Rights

If your claim for a benefit is denied or ignored, in whole or in part, you have a right to know why this was done, to obtain copies of documents relating to the decision without charge, and to appeal any denial, all within certain time schedules. Under ERISA, there are steps you can take to enforce the above rights. For instance, if you request materials from the Plan and do not receive them within 30 days, you may file suit in a federal court. In such a case the court may require the Plan Administrator to provide the materials and pay you up to $110 a day until you receive the materials, unless the materials were not sent because of reasons beyond the control of the Plan Administrator. If you have a claim for benefits which is denied or ignored, in whole or in part, you may file suit in a state or federal court. In addition, if you disagree with the Plan's decision or lack thereof concerning the qualified

status of a medical child support order, you may file suit in federal court. If it should happen that Plan fiduciaries misuse the Plan's money, or if you are discriminated against for asserting your rights, you may seek assistance from the U.S. Department of Labor, or you may file suit in a federal court. The court will decide who should pay court costs and legal fees. If you are successful the court may order the person you have sued to pay these costs and fees. If you lose, the court may order you to pay these costs and fees, for example, if it finds your claim is frivolous.

### Assistance with Your Questions

If you have any questions about your Plan, you should contact the Plan Administrator. If you have any questions about this statement of your rights under ERISA, you should contact the nearest office of the Employee Benefits Security Administration, U.S. Department of Labor, listed in your telephone directory or the Division of Technical Assistance and Inquiries, Employee Benefits Security Administration, U.S. Department of Labor, 200 Constitution Avenue N.W., Washington, D.C. 20210. You may also obtain certain publications about your rights and responsibilities under ERISA by calling the publications hotline of the Employee Benefits Security Administration.

(77239-12)

SPD

37

(77239-12)

Case 3:08-cv-00200-TWP-HBG   Document 1-1   Filed 05/19/08   Page 36 of 38   PageID #: 38



04/21/2008
PRUDENTIAL INSURANCE CO. OF AMERICA
800 S. GAY STREET, STE 2021, % C T CORP.
KNOXVILLE, TN 379299710

7007 2680 0001 2097 7318

STATE OF TENNESSEE
DEPARTMENT OF COMMERCE AND INSU
500 JAMES ROBERTSON PARKWAY
NASHVILLE, TENNESSEE 37243



Arrow

FROM: Ericka Fry (865)342-3522
Tennessee CT Reps
800 S. Gay Street
Suite 0221
Knoxville, TN 37929

TO: Christine Gillen (973)802-7982
The Prudential Insurance Company of
Legal Department
751 Broad St. 4th Floor
Newark, NJ 07102

Ref: SOP/0624/800/5135630599/Ericka Fry

TRK # 7910 5246 3842

07102          NJ-US

FedEx Rev!

** 2DAY **

SB QHWA

EWR

WEIGHT: 1 LB

MON
A1
Deliver by
28APR08

DELIVERY ADDRESS (FedEx-EDR)

FORM
0201

CLS120707

International shipments can: 1. Comply with all applicable laws. 2. Comply with local FedEx notice if going to outside the U.S.
© 2004 FedEx 155470/155470 REV 0/08 RT

Route: PLAZA
To: GILLEN          Name: CHRISTINE
Phone #: 9738027982   Date Received: 04/28/08
                     Time: 1028

RECEIVER: NJ—01—04—12